**YUAN PING MIAO, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–5930–ag.

United States Court of Appeals, Second Circuit.

Aug. 10, 2006.

Man C. Yam, New York, New York, for Petitioner.

Leura G. Canary, United States Attorney, Middle District of Alabama, R. Randolph Neeley, Assistant United States Attorney, Montgomery, Alabama, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Yuan Ping Miao petitions for review of an order of the BIA affirming the decision of Immigration Judge ("IJ") Paul A. DeFonzo, ordering her removal to China and denying her applications for asylum and withholding of removal relief. We assume the parties' familiarity with the facts and procedural history of the case.

The Court reviews questions of law *de novo*, including "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). The Court reviews factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ A failure to corroborate may, on its own, lead to a claim's denial based on insufficiency of the evidence. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000). Before denying a claim for failure to corroborate otherwise credible testimony, an IJ must first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant. *See id.* at 289–90; *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003); *cf. Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir.2006) (explaining that this requirement of identification and availability is not required where testimony is non-credible); *Zhou Yun Zhang*, 386 F.3d at 78 (same).

In this case, substantial evidence does not support the IJ's determination that the assertions Miao made in her asylum application were inconsistent from her testimony at the removal hearing. IJ DeFonzo

stated that Miao's asylum application made no reference to Miao having engaged in any manner of argument with the police prior to her arrest. Miao's asylum application stated that when the government officials had broken into the house where Miao and the others were holding their religious meeting, the officials "scolded [them] for violating the local security policy," while she later testified that she and others had "an argument" with the police. A "scolding" is not inherently inconsistent with "an argument"—the two descriptors are separated only by a difference of degree. Furthermore, where a putative contradiction is not self-evident, an IJ must afford the alien an opportunity to reconcile her testimony. *See Ming Shi Xue v. BIA,* 439 F.3d 111, 121 (2d Cir.2006). No such opportunity was provided to Miao in reference to this inconsistency. The IJ therefore erred in this regard.

■ Substantial evidence also does not support the IJ's finding that Miao failed to mention in her asylum application that she had been "in any way physically mistreated during her detention, or compelled to stand out in the cold." Miao stated in her asylum application that while she had been detained, the officials had "mistreated [her] and did not give [her] anything to eat." Miao, therefore, testified to having been mistreated in both instances. When the IJ provided Miao an opportunity to explain the difference in detail between her asylum application and her testimony, Miao stated that she "did not know that such fine[ ] details were so required" in the written application, and that she "thought it would be better for [her] to express [those details] from [her] mouth." Miao's testimony in this regard was not inherently implausible.

■ Furthermore, the record does not support the IJ's and the BIA's determination that Miao failed to adequately corroborate her account of persecution. The IJ

and the BIA properly explained that it was reasonable to expect corroboration from Miao's husband and daughter because (1) both of the family members lived in the United States, (2) Miao's removal and separation from her family were at stake, and (3) subpoenas were available to call the witnesses. The BIA and IJ also both found insufficient Miao's explanation that her husband could not testify on her behalf because he opposed her religious beliefs, and her daughter could not testify because, at age 21, she was still considered a child.

However, the IJ and the BIA improperly characterized Miao's testimony as stating that her husband would not testify on her behalf because he opposed her pursuit of Christianity, when, in fact, Miao testified that he did not appear in court because he did not support her application for asylum, and he was afraid "something might happen." Soon thereafter, Miao testified that her husband was staying in the United States illegally. The IJ and the BIA erred in basing their lack of corroboration finding on their mischaracterization of Miao's testimony. The agencies were, therefore, unable to satisfy the second prong of *Diallo* because they failed to address Miao's actual explanation for her husband's absence. The IJ's and the BIA's determinations are not supported by substantial evidence in this respect.

■ The agencies, however, did not err in determining that Miao's explanation for her daughter's absence was insufficient. Miao explained that her daughter was not present in court because "in the eyes of the Chinese, she's still a child." Miao's daughter was born in 1983 and she was 21 years old at the time of the hearing. The IJ's and the BIA's conclusion that Miao's explanation was insufficient to explain her daughter's absence was supported by substantial evidence. Although the record does substantiate this discrepancy, remand

is still proper because, in light of the errors in the IJ's and the BIA's findings, the Court cannot confidently predict that the IJ would reach the same decision were the petition remanded. *See Xiao Ji Chen,* 434 F.3d at 161. Of the factors relied upon by the IJ, all were faulty except for Miao's failure to adequately explain her daughter's absence. Even assuming that substantial evidence supports the error-free finding, the remaining errors, "considered in the context of the IJ's entire analysis" render it impossible to state with confidence that the IJ "would adhere to his decision were the petition remanded." *Id.* at 161. For these reasons, Miao's asylum and withholding of removal claims are remanded to the BIA for further proceedings.

Accordingly, it is ORDERED that the petition for review is hereby GRANTED.